IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMIE L. HILL, JR., | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 11-1029-JDT-egb |
| | ◊ | |
| WHITEVILLE CORRECTIONAL FACILITY, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Tommie L. Hill, Jr., an inmate at the Whiteville Correctional Facility ("WCF"), filed a pro se complaint pursuant to 42 U.S.C. § l983, against WCF, Sergeant F. Johnson, M. Ernest, Assistant Tennessee Department of Correction ("TDOC") Commissioner Reuben Hodge, Tammy Ford, Warden S. Dotson, and Job Coordinators Laura Moore and Amy Trotter. On October 31, 2011, the court dismissed all defendants except Laura Moore and Amy Trotter [DE# 10].

Defendants have now filed a motion for summary judgment [DE# 42]. Plaintiff has responded to the motion and was granted permission to file a supplemental response. For the reasons set forth below, Defendants' motion is GRANTED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule

56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In Celotex Corp., the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Plaintiff, an African American inmate, alleges that, as a parole violator, he was assigned a prison job at a pay rate of seventeen cents per hour by then-Job Coordinators Moore and Trotter. The low rate of pay was due to his status as a parole violator. Plaintiff alleges that a white parole violator inmate was assigned a job at thirty-four cents per hour. Plaintiff contends that his low rate of pay was the result of race discrimination.

Defendants assert that they are entitled to judgment as a matter of law because Plaintiff has failed to state a claim upon which relief may be granted and the undisputed, material facts show that there is no genuine issue for trial.

Defendants have presented the following statement of undisputed facts [DE# 42-4]:

3

Defendant Trotter was Plaintiff's case manager at the time that Plaintiff entered WCF, and Defendant Moore was a Job Coordinator for WCF during the relevant events.[2]

Plaintiff was assigned a prison job at the correct starting pay rate of seventeen cents per hour. Edward Summey, a Caucasian male, was assigned a prison job as a parole violator at a rate of pay of seventeen cents an hour but was mistakenly paid a higher rate of pay of thirty four cents an hour. The higher rate of pay to Summey was an error that occurred when his data was entered into the facility's system.[3]

TDOC policy 504.04 governs inmate pay at WCF. TDOC Policy 504.04 VI.(N) states that, if an inmate returns to TDOC following an absence for a reason such as violation of parole, all previously earned privileges, seniority, and status with respect to pay among other things are lost. Therefore, a parole violator, according to TDOC policy 504.04, would be paid a starting rate of pay at seventeen cents per hour. The rate of pay at WCF is not based on race.

Plaintiff and Summey were to be paid at the same rate of pay at seventeen cents an hour based on their pay rate level at the facility as parole violators, and the disparity in rate of pay between Plaintiff and Summey was due to a data entry error in the Jobs Office at WCF. The data entry error was not made by Defendant Moore or Defendant Trotter.

The disparity in rate of pay between Plaintiff and Summey was not discovered by Defendants until Plaintiff filed this lawsuit and Defendants were served with a summons and a copy of the complaint. At that time, Summey was no longer an inmate at WCF.[4]

---

[2] Plaintiff contends that Defendant Trotter was not the case manager of his unit when he first entered that unit and, instead, became the case manager at a later date. This dispute is not material to the resolution of Defendants' motion.

[3] Plaintiff argues that there was no way for such a data entry error to have been made. However, his statement is speculative, and he has offered no proof that the error could not have been made as described by Defendants.

[4] Plaintiff states that Defendants must have known of the difference in pay prior to the filing of this lawsuit on January 25, 2011, because he filed a grievance on November 21, 2010. However, there is nothing in the record showing
(continued...)

4

<u>Claim Under Title VI</u>

Title VI prohibits discrimination against individuals on the basis of race or national origin in programs or activities receiving federal financial assistance. 42 U.S.C. § 2000d.[5] Defendants have not disputed that WCF is a program receiving federal financial assistance.

Because Title VI creates a right in persons for whose benefit the provision was enacted not to be discriminated against, the Supreme Court has inferred a private right of action directly against the funding recipient whose actions are allegedly discriminatory. <u>Community Brotherhood of Lynn, Inc. v. Lynn Redevelopment Authority</u> ("<u>Lynn</u>"), 523 F. Supp. 779, 780-81 (D. Mass. 1981) (citing <u>Regents of University of California v. Bakke</u>, 438 U.S. 265 (1978) and <u>Allen v. Board of Elections</u>, 393 U.S. 544 (1969)). The proper defendant under 42 U.S.C. §2000d is an entity receiving federal assistance, not an individual. As explained in <u>Thompson v. Blount Memorial Hosp., Inc.</u>, 2006 WL 3098787 * 2, 3 (E.D. Tenn.),

> Title VI of the Civil Rights Act of 1964 "prohibits race discrimination in programs receiving federal funds." <u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274, 275 (1998). Although the Sixth Circuit has not directly addressed whether an individual may be held liable under Title VI, it has rejected such liability in the context of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), which contains nearly identical language. <u>Soper</u>

---

[4] (...continued)
that Defendants Trotter and Moore were made aware of his grievance. "Mere speculation, conjecture, or fantasy" is insufficient to survive a motion for summary judgment. <u>Lewis v. Philip Morris Inc.</u>, 355 F.3d 515, 533 (6th Cir.2004) (internal quotation marks omitted).

Plaintiff also states that Summey did not leave the institution until September 21, 2011, and, therefore, Defendants have submitted false testimony by stating that Summey left prior to the filing of the lawsuit. Defendants actually testified that they did not discover the disparity until they "received [the] summons and a copy of the complaint." DE# 42-4 at para. 10. The court did not order service of process on Defendants until October 31, 2011, which was after Summey's departure.

[5] Section 601 of Title VI of the Civil Rights provides:

No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C.A. § 2000d

> v. Hoben, 195 F.3d 845, 854 (6th Cir.1999). Title VI refers to "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title IX refers to "any education program or activity receiving Federal financial assistance ." 20 U.S.C. § 1681(a). The addition of the word "education" does not seem to be material to the Sixth Circuit's interpretation of the statute and there is no reason to believe the Court of Appeals would rule differently if presented with this specific issue, particularly given that Title IX was patterned after Title VI. See, e.g., Cannon v. University of Chicago, 441 U.S. 677, 695-96 (1979); Horner v. Kentucky High School Athletic Ass'n, 206 F.3d 685, 689 (6th Cir.2000).
>
> Furthermore, other courts have consistently interpreted Title VI as providing no individual liability. E.g., Rubio ex rel. Z.R. v. Turner Unified School Dist. No. 202, 453 F. Supp.2d 1295, 2006 WL 2801938 at *9 n. 11 (D. Kan.2006); Farm Labor Organizing Committee v. Ohio State Highway Patrol, 95 F. Supp.2d 723, 743 n. 13 (N.D. Ohio 2000); Davis v. Flexman, 109 F. Supp.2d 776, 793 (S.D. Ohio 1999); Godby v. Montgomery County Bd. of Educ., 996 F. Supp. 1390, 1413 (M.D. Ala.1998); Jackson v. Katy Independent School Dist, 951 F. Supp. 1293, 1298 (S.D. Tex.1996). Rather, Title VI claims are properly alleged against an institution that receives federal financial assistance.
>
> Even according plaintiff the significant leeway owed to her in light of her pro se status, there in nothing in the complaint suggesting that any of the individual defendants constitute federally funded programs or entities. Instead, they are merely employees of what is presumably such an entity, namely Blount Memorial Hospital. Accordingly, plaintiff's Title VI claims against the individual defendants will be dismissed.

2006 WL 3098787 * 2, 3 (footnote omitted). See also BBF Engineering Services, P.C. v. Michigan, 2012 WL 380282 (E.D. Mich.) ("Courts have consistently held that individuals are not liable under Title VI.")

Defendants Moore and Trotter cannot be sued as individuals under Title VI, and the Title VI claims against them must be dismissed.[6]

### Claims Under § 1983

To prevail on a section 1983 claim, a plaintiff must prove that a state actor intentionally discriminated against him because he is in a protected class and that he suffered discrimination based on that class, and he must show that the individual defendants

---

[6] In his supplemental response, Plaintiff complains that he tried to sue the "entity," i.e., WCF. The claims against WCF were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See Order of Partial Dismissal, [DE# 10].

6

personally participated in, or ratified, the discrimination. See Adair v. Charter County of Wayne, 452 F.3d 482, 493 (6th Cir.2006) ( citing Monell v. Dept. of Social Servs., 436 U.S. 658, 694-95 (1978)).  In order to establish a discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment. See Caucasian v. Columbus Metropolitan Housing Auth., 429 F.3d 232, 238 (6th Cir. 2005).

In the present case, the undisputed facts show that the starting rate of pay for a parole violator was seventeen cents an hour at the time of the alleged discrimination. Plaintiff was paid the correct starting rate of pay, but, through an error, Edward Summey, a Caucasian inmate who was similarly situated, was paid a higher rate of pay. Defendants acknowledge that there was a disparity in starting rates of pay with respect to Plaintiff and Summey. This disparity, however, was due to a data entry error in the Jobs Office at WCF and was not based on the race of either inmate. Although plaintiff has responded with speculation and argument, he has offered no evidence to refute the affidavits submitted by defendants that the difference is pay was the result of a date entry error. Because the disparity in rate of pay between Plaintiff and Summey was not due to any discriminatory intent or purpose, Defendants are entitled to judgment as a matter of law on Plaintiff's § 1983 claim.

Accordingly, Defendants' motion for summary judgment is GRANTED, and the clerk is directed to enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE