**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 12-6476

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| TOMMIE L. HILL, JR., )<br>)<br>    Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>WHITEVILLE CORRECTIONAL )<br>FACILITY, et al., )<br>)<br>    Respondents, )<br>)<br>and )<br>)<br>LAURA MOORE, Job Coordinator; )<br>AMY TROTTER, Job Coordinator, )<br>)<br>    Respondents-Appellees. ) | **FILED**<br>Dec 18, 2013<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED<br>STATES DISTRICT COURT FOR<br>THE WESTERN DISTRICT OF<br>TENNESSEE |

O R D E R

Before:  GUY and COLE, Circuit Judges; ECONOMUS, District Judge.[*]

Tommie L. Hill, Jr., a Tennessee prisoner proceeding pro se, appeals a district court judgment granting the defendants summary judgment against his civil rights complaint filed under 42 U.S.C. § 1983.  This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C).  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

Seeking monetary and injunctive relief, Hill sued various defendants, including his place of confinement — the Whiteville Correctional Facility ("WCF") — and two of its employees:  Job

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Coordinator Laura Moore and Case Manager Amy Trotter. He alleged that Moore and Trotter discriminated against him because he is black. Specifically, they assigned him, as a parole violator, a prison job at a pay rate of 17 cents an hour, yet assigned Edward Summey — a white inmate, also a parole violator — a job at 34 cents per hour. According to Hill's complaint, Hill filed a grievance against Moore and Trotter based on Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, but the grievance was denied. He then brought this § 1983 suit. The charge against WCF was that it failed to investigate his Title VI grievance. During screening, the district court dismissed the complaint against all the defendants save Moore and Trotter for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also* Fed. R. Civ. P. 12(b)(6). Moore and Trotter then moved for summary judgment. The district court granted it and, thereafter, denied reconsideration.

Hill appealed only the grant of summary judgment to Moore and Trotter, arguing the following: 1) the district court erred in dismissing WCF and then dismissing the Title VI claim against Moore and Trotter; 2) the district court erred in granting summary judgment on the § 1983 claim against Moore and Trotter; 3) the district court gave Hill inadequate time for discovery; and 4) Moore and Trotter submitted declarations in bad faith.

Hill's first claim on appeal is that the district court erred in dismissing WCF and then granting Moore and Trotter summary judgment on the Title VI claim on the grounds that such a claim could proceed only against the entity receiving federal benefits, i.e., WCF.

Dismissal for failure to state a claim is reviewed de novo. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotation marks and emphasis deleted).

To state a viable § 1983 claim, a plaintiff must allege that 1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155—57 (1978); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995).

For WCF to be liable for the alleged deprivation of Hill's right not to be discriminated against on the basis of race, WCF must have "caused" that deprivation. "[I]n a § 1983 action[,] liability cannot be based on a theory of respondeat superior." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995). "The plaintiff must plead and prove an injury caused by an action taken pursuant to some official policy or custom." *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and *Taylor*, 69 F.3d at 80—81). Mere failure to investigate the alleged misbehavior of subordinates is not enough to establish that policy or custom. *Compare Young v. Ward*, No. 97-3043, 1998 WL 384564, at *1 (6th Cir. June 18, 1998) (unpublished), *and Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (no liability for mere "failure to act"), *with Marchese v. Lucas*, 758 F.2d 181, 182—84, 187—89 (6th Cir. 1985) (liability proper where evidence shows "official toleration" and "subsequent concealment" of assault of inmate). Hill alleged only a failure to investigate his Title VI grievance. That was insufficient. The district court reached the correct result in dismissing WCF.

The district court granted Moore and Trotter summary judgment on the Title VI suit. "We review a district court's grant of a motion for summary judgment de novo, construing the evidence and drawing all reasonable inferences in favor of the non-moving party." *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013). The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, the non-movant cannot simply sit

back and highlight deficiencies in the movant's argument, *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012), but must present "sufficient evidence from which a jury could reasonably find in his favor." *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 788 (6th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A Title VI suit must be brought against the recipient of the federal funds. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996).

Hill did not submit any proof in opposition to summary judgment that Moore and Trotter were the federal-fund recipients. Instead, he pointed out that he had originally included WCF as a defendant, but the district court had dismissed it — thus impliedly conceding that the funds went to WCF, not Moore and Trotter. Summary judgment was appropriate. *See id.* That WCF was originally in the suit, but then was dismissed for reasons having nothing to do with WCF's funding status, does not change this.

Hill's second claim is that the district court erred in granting summary judgment on the § 1983 claim against Moore and Trotter. In an equal-protection claim under § 1983, the plaintiff must show that the defendants intentionally discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).

Moore and Trotter submitted declarations whose gravamen was that they had nothing to do with giving Summey a higher rate of pay. Rather, a third party entered incorrect data. Hill submitted no contrary evidence from which a jury could reasonably find in his favor on this issue. Hence, there was no genuine dispute over the material fact that Moore and Trotter did not discriminate against Hill because of race. Summary judgment was appropriate.

Hill's next claim is that the district court gave him inadequate time for discovery. Denial of discovery and denial of further discovery are reviewed for abuse of discretion. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). When making a discovery request, a party must

indicate, among other things, "what material facts it hopes to uncover." *See id.* (citation omitted). It is not an abuse of discretion to deny discovery when the requesting party "makes only general and conclusory statements about the need for more discovery." *See id.* (citation omitted).

      Hill argues that the district court should not have granted summary judgment without giving him time for further discovery. But he did not file a motion for further discovery before the district court granted Moore and Trotter summary judgment. It is not an abuse of discretion not to grant a motion that was never made. Hill did move for reconsideration of the summary-judgment motion on various grounds, including his need for more discovery. He cites to us, however, only one material fact that he hoped to uncover in a second round of discovery: that several other inmates, presumably all parole violators, were paid more than 17 cents an hour. Hill did not make that argument to the district court, however, and "may not argue here what he did not argue there." *See Coley v. Bagley*, 706 F.3d 741, 755 (6th Cir.), *cert. denied*, No. 13-5005, 2013 WL 3283524 (U.S. June 25, 2013). Hill fails to show that the district court abused its discretion in denying reconsideration.

      Hill also argues that the district court gave him inadequate time to incorporate into his argument opposing summary judgment the information that had been revealed in response to his first discovery request. He advanced such an argument in the reconsideration motion. Hill, however, has cited no information he would like to have incorporated, but could not. Therefore, he has not shown abuse of discretion in denying more time.

      Hill's last claim is that Moore and Trotter submitted declarations in bad faith, *see* Fed. R. Civ. P. 56(h), and so must pay his reasonable expenses. He advanced this argument below, but the district court did not impose the requested sanctions. If satisfied that a declaration was submitted in bad faith, the district court may order the submitting party to pay the other party's reasonable expenses incurred as a result. *Id.* Denial of sanctions is reviewed for abuse of discretion. *See Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819, 826 (9th Cir. 2009). Although Hill points to five declarations that he contends were false and made in bad faith, he points to no

record evidence showing them false. It is not an abuse of discretion to deny sanctions for declarations that have not been shown false.

The district court's judgment is AFFIRMED. Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 18, 2013

Mr. Tommie L. Hill Jr.
Whiteville Correctional Facility
P.O. Box 679
Whiteville, TN 38075

Ms. Brittani Carol Kendrick
Pentecost & Glenn
106 Stonebridge Boulevard
Jackson, TN 38305

Mr. James Irvin Pentecost
Pentecost & Glenn
106 Stonebridge Boulevard
Jackson, TN 38305

Re: Case No. 12-6476, *Tommie Hill, Jr. v. Whiteville Correctional Facili, et al*
Originating Case No. : 1:11-cv-01029

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Benjamin P. Alexander
Case Manager
Direct Dial No. 513-564-7021

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue